**JOHN D. SULLIVAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: John.Sullivan2@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-26-BLG-SPW-1** |
| Plaintiff, | |
| vs. | **OFFER OF PROOF** |
| **JEFFERSON SCOTT PERRIGO,** | |
| Defendant. | |

The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on September 6, 2018.

1

## THE CHARGES

The defendant, Jefferson Scott Perrigo, is charged by indictment in count I with conspiracy to possess with the intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846; in count II with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and in count VII with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The indictment also contains a forfeiture allegation, which seeks the forfeiture of the firearm described in count VII of the indictment.

## PLEA AGREEMENT

There is no plea agreement in this case.  Perrigo has indicated that he will plead guilty to the indictment without the benefit of a plea agreement.  In the government's view, this is the most favorable resolution for the defendant.  *See Missouri v. Frye*, 566 U.S. 133 (2012).

## ELEMENTS OF CHARGE

In order for the defendant to be found guilty of conspiracy to possess with the intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in count I of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about September 2017, and continuing thereafter until in or about November 2017, there was an agreement between two or more persons to possess with the intent to distribute and to distribute a substance containing a detectable amount of methamphetamine; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish at least one object of the conspiracy.

In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the amount of methamphetamine falling within the scope of the conspiracy, or that was reasonably foreseeable to the defendant, was 50 or more grams or actual methamphetamine.

In order for the defendant to be found guilty of the charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a substance containing a detectable amount of methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the defendant possessed, with the intent to distribute, 50 or more grams of actual methamphetamine.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

In order for the defendant to be found guilty of the charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in count VII of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant committed the crimes of conspiracy to possess with the intent to distribute and to distribute methamphetamine, and possession with intent to distribute methamphetamine, as charged in counts I and II of the indictment, which are drug trafficking crimes; and
>
> Second, the defendant knowingly possessed a firearm, that is an I.O. Hellcat, .38 caliber semi-automatic pistol (serial number X0930); and
>
> Third, the defendant possessed the firearm in furtherance of the crimes charged in counts I and II of the indictment.
>
> A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

## PENALTY

The charges in counts I and II each carry a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment. The charge in count VII carries a mandatory minimum five years to life imprisonment, consecutive to any other sentence, a $250,000 fine, five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

During the fall of 2017, investigators with the Easter Montana HIDTA and FBI TOC-West task forces learned from a confidential informant that an individual named Jeff was involved in the distribution of methamphetamine in Billings. On October 17, 2017, the task force received two different Crime Stoppers reports about Perrigo. The first stated that an associate of Perrigo's was selling methamphetamine for him, while the second tip stated that a residence in Billings—where Perrigo's vehicle had been seen—was a drug house and that a drug dealer named Jeff was moving weight through it.

Between October 20, 2017, and November 1, 2017, the task force used a CI to conduct four controlled purchases of methamphetamine from the individual identified in the Crime Stoppers tip as an associate of Perrigo's known to deal methamphetamine for him. Agents placed tracking devices on both Perrigo's vehicle as well as his associate's, which showed that both vehicles frequented a storage unit in Billings that agents learned was registered to Perrigo's relative. Agents then applied for and received search warrants for Perrigo's vehicle and storage unit. The search of his vehicle uncovered a Hellcat semi-automatic

5

handgun in a backpack, body armor, and three packages of suspected methamphetamine.   The three packages of suspected methamphetamine contained approximately 248 grams, 467 grams, and 473 grams.   Agents later searched the storage unit and found ten packages of suspected methamphetamine, each of which contained approximately one pound.   The DEA Western Laboratory later tested the methamphetamine seized from Perrigo's vehicle and storage unit, which contained well in excess of 50 grams of actual methamphetamine.

DATED this 21st day of August, 2018.

          KURT G. ALME
          United States Attorney


          */s/ John D. Sullivan*
          JOHN D. SULLIVAN
          Assistant U.S. Attorney